RAHWAY VALLEY RAILROAD COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, JOSEPH LOMBARDY AND NEWARK HEIGHTS SUPPLY COMPANY, DEFENDANTS.

Submitted January 28, 1927—Decided March 10, 1927.

Public Utilities—Railroad Siding Extension—Question Whether the Applicant had an Easement Over the Land Upon Which the Siding it Sought to Extend is Located—The Facts Considered and Held That the Existence of Such an Easement was Necessary, That the Case Had Not Been Properly Presented to the Commissioners, and That a Rehearing Should be Had.

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *McKirgan & Gilson.*

For the board, *John W. Queen.*

For the defendant Lombardy, *Congleton, Stallman & Hoover.*

PER CURIAM.

The writ brings under review an order of the board made August 23d, 1926, requiring the railroad company to extend an existing siding, now on property of the Newark Heights Supply Company, formerly of Lombardy, to adjoining property now occupied by Lombardy.

The minor point is made that such a siding is not practically workable on account of the grades required. The board, after careful examination, found otherwise, and we cannot say there was no evidence reasonably to support its finding

The other point made is fundamental. It will be observed at once that an extension of the siding used by the Newark Heights Supply Company to adjoining land, and its use by the occupant of the latter land, involves an easement over the former Lombardy tract, now land of the supply company, in favor of the present Lombardy tract; and unless the existence of that right of easement is made to appear, the board was plainly without jurisdiction to make an order which would involve the taking of the supply company property for the benefit of an adjoining owner.

It is claimed in support of the order that such right of easement did exist, and in this way; that Lombardy originally owned the supply company tract, and made a siding agreement with the railway company providing, *inter alia,* that that company "may use such side track in connection with any extension of the same which the party of the first part (the company) may desire to construct for the purpose of reaching business or industries other than that of the party of the second part" (Lombardy) with an added clause of right of user, &c.

If this were clear on the facts, it might well be that notwithstanding the clause is apparently for the benefit of the railroad company, which by taking out this writ indicates its unwillingness to operate under it, yet under the Utility act it would be compellable to exercise its right to accommodate an industry beyond the existing siding. We do not pass on this point because we think it is not properly before us, the evidence as now presented failing to show the existence of an agreement binding either the railroad company or the lands of the supply company.

What appears is an unsealed writing dated September 20th, 1923, between "the Rahway Valley Company, lessee, a corporation of New Jersey, of the first part, and Lombardy Company, Incorporated, party of the second part." This is signed for Rahway Valley Company by "R. A. Clark, President and General Manager," and attested by "R. A. Clark, Secretary." Then follows the signature "Lombardy Company, Incorporated," no individual being named as executing officer, with an "attest: Louise Palmgren, witness."

Assuming for the present that this document was properly executed for the Rahway Valley Company, lessee, the connection of that company with the present prosecutor does not appear. This, however, may be passed for the present. More important questions are. Is "Lombardy Company, Incorporated," a corporation? If so, is the document in question so executed as to be binding on it? And especially, did "Lombardy Company, Incorporated," own the supply company tract at the time? If not, can the paper be regarded as binding on the actual owner, and on what theory?

Joseph Lombardy testified before the board in his own behalf that the Lombardy Company "was the individual company" and that he "operated under the name of the Lombardy company" as well as under other names.

Certain depositions were taken after *allocatur* of this writ in aid of our consideration of the case. It is objected that this is improper practice and that we should consider no evidence except that taken before the board. The disposition we make of the case as now before us renders it unnecessary

to decide this point, but it may not improperly be noted that one of depositions indicates that at the date of the agreement, title of record was in Joseph Lombardy, and that no title of Lombardy Company, Incorporated, appears of record.

We consider that a primary essential to jurisdiction of the board to make the order under review was adequate, not to say indubitable proof of the existence of a valid easement over the supply company land, not merely in favor of the railroad, but available under the Utility act in favor of the owner of the secondary tract; the more so, as it is quite obvious on the depositions, that Joseph Lombardy is undertaking to assert such a right over the supply company tract in the face of his own personal warranty to his grantee of that tract that the premises were free of all encumbrances whatsoever, a point not made in the brief, but which we deem worthy of notice.

We consider that the case was not adequately presented to the board, and should be reheard with full consideration of all its phases, and that among these the force and effect of the document of September 20th, 1923, as binding the parties and conferring jurisdiction on the board should receive careful examination. Rehearing is accordingly ordered pursuant to section 38 of the Utility act (*Pamph L.* 1911, *p.* 374), and any doubt as to the availability of the depositions may be cleared up by taking the same evidence anew before the board.

No costs will be allowed.